UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In Re:

ADAM KENNETH STEVENS and
HEATHER LEIGH STEVENS,

           Debtors,

Bankruptcy Case No. 3-09-16401-rdm, Chapter 7
Adversary Proceeding No: _____

COUNTY OF LA CROSSE,

           Plaintiff,

v.

ADAM KENNETH STEVENS and
HEATHER LEIGH STEVENS,

           Defendants.

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT

FILED / REC'D
JAN 19 2010
8:00 A.M.
CLERK, U.S.
BANKRUPTCY COURT

## JURISDICTION AND VENUE

This a proceeding brought by the plaintiff County of La Crosse to determine dischargeability of payments that the debtor Heather Leigh Stevens was ordered to make to the County of La Crosse pursuant to an order in a paternity action in the La Crosse County Circuit Court. Jurisdiction of this proceeding is conferred on this Court by 28 U.S.C. Section 1334(b), 28 U.S.C. Section 157(a), 11 U.S.C. Section 523(c) and Fed. R. Bankr. P. 7001(6). This proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(I). This Court is the appropriate forum for venue of this matter.

## CLAIM

1.    Plaintiff County of La Crosse is a body corporate organized and existing under the laws of the State of Wisconsin with offices at 400 N. 4th Street, La Crosse, WI 54601.

2.    Defendant Heather Leigh Stevens is a debtor in this Chapter 7 bankruptcy case and resides at 309 South Walker Street, Adams, WI 53910.

3.    Defendant Adam Kenneth Stevens is a debtor in this Chapter 7 bankruptcy case and resides at 309 South Walker Street, Adams, WI 53910.

4.    On August 3, 2009, the Honorable Dale T. Pasell, Circuit Court Judge, La Crosse County, Wisconsin, ordered La Crosse County to pay for the total costs and expenses of the Custody Assessment Team of $3,993.67. The Court further ordered that Heather Stevens shall reimburse La Crosse County for the entire amount disbursed in accordance with arrangements to be established by La Crosse County and that La Crosse County would be entitled to be granted judgment for the amounts. The Custody Assessment Team is composed of a guardian ad litem, Bennett Meyers from Bosshard Parke, Ltd., a County representative from Mediation and Family Court Services, and Kimberly Erickson-Nichols, a child development specialist from Franciscan Skemp Behavioral Health. (A copy of the order is attached hereto as Exhibit "A")

5. All of these obligations were intended by the parties to be in the nature of support and were necessary for the support of the minor child.

6. Discharge of these obligations would cause detriment to the plaintiff since the County would be fully liable for payment of these expenses necessary for the child in the underlying paternity proceeding.

7. All of these obligations are non-dischargeable under 11 U.S.C. Section 523(a)(5) in the debtors' bankruptcy case.

WHEREFORE, plaintiff requests that this Court enter a judgment:

1. Declaring that the aforesaid obligations are not dischargeable in this bankruptcy case or any other bankruptcy case filed by the debtor Heather Stevens; and

2. Granting such other relief as is just and proper.

Dated this 14th day of January, 2010.

LA CROSSE COUNTY

By: _____
David L. Lange
Deputy Corporation Counsel
State Bar ID No. 1001937
400 N. 4th Street
La Crosse, WI 54601-3200
(608) 785-9577

STATE OF WISCONSIN · CIRCUIT COURT LA CROSSE COUNTY
Family Court Branch

In re the Paternity of GMS:

Paul Charles Sobkowiak,

        Petitioner,

-and-

Heather Leigh Zimmerly,     Case No. 05-PA-147
   n/k/a Heather L. Stevens

        Respondent.

La Crosse County WI
FILED
AUG 24 2009
PAMELA RADTKE
CLERK OF COURTS

AUG 14 2009

## ORDER FOR FEES AND DISCHARGE OF CUSTODY ASSESSMENT TEAM

This matter came on for hearing before the Honorable Dale T. Pasell, Family Court Commissioner, on the 3rd day of August, 2009. Petitioner's attorney, Mark Huesmann, of HUESMANN LAW OFFICE, S.C., 501 Empire Street, Suite 102, P.O. Box 50, Holmen, WI 54636-0050 appeared in person. Petitioner, Paul C. Sobkowiak did not appear. Respondent's attorney, Joan Schwarz, of SCHWARZ LAW OFFICE, 701 West Jefferson Street, P.O. Box 230, Stoughton, WI 53589-0203 appeared by telephone. Respondent, Heather L. Zimmerly did not appear. Attorney Bennett Myers, Guardian ad Litem, appeared in peson on behalf of the Custody Assessment Team. Attorney David L. Lange appeared on behalf of La Crosse County.

### *FINDINGS OF FACT*

1.     The parties have submitted, and the Court has approved, a Stipulation and Order resolving all of the substantive issues regarding custody and placement of the minor child, and dismissing all of Respondent's requests for de novo review in this matter. The only remaining issue is that of the fees and costs of the Custody Assessment Team stemming from work performed subsequent to the recommendation hearing in this matter.

2.     This matter has been marked by an unusually high degree of litigation surrounding both the central issues of custody and placement of the minor child as well as a series of related issues raised by Respondent. The multiple requests for de novo review filed by Respondent, including from the order of the Family Court Commissioner providing for the payment of Guardian ad Litem fees, and the

EXHIBIT "A"

12/14/09 Sent to Finance
(PR)

the voluminous correspondence and hearings that has attended those requests, are largely responsible for the expense of post-recommendation proceedings in this matter. Because Respondent has exhibited a high degree of contentiousness and litigiousness throughout the post-recommendation phase of this matter, which has led to the escalation of expenses, and because Petitioner has not exhibited any similar litigiousness or contentiousness, the Court finds it reasonable that Petitioner should pay the post-recommendation fees and costs of the Custody Assessment Team.

3. The fees and costs submitted to date by the Guardian ad Litem, Bonnie Sacia, and Kimberly Erickson-Nichols are reasonable under the circumstances of this case.

### ORDER

1. The Custody Assessment Team's post-recommendation fees in the total amount of $3,993.67 shall be paid as follows:

    | | |
    |---|---|
    | Bosshard Parke Ltd. | $3,331.17 |
    | Mediation and Family Court Services | $225.00 |
    | Kimberly Erickson-Nichols | $437.50 |
    | c/o Franciscan Skemp Behavioral Health, 212 11th St S, La Crosse 54601 | |

2. La Crosse County shall direct payment in the amounts above to the respective offices named above. Respondent Heather Stevens shall reimburse La Crosse County for he entire amount disbursed in accordance with arrangements to be established by La Crosse County. La Crosse County will be granted judgment for any such amounts.

3. Effective immediately, the Custody Assessment Team is released from its duties, and Attorney Bennett Myers, BOSSHARD PARKE LTD., is discharged as Guardian ad Litem for the minor child.

Dated at La Crosse, Wisconsin this ___ day of August, 2009 *nunc pro tunc* August 3, 2009.

BY THE COURT:

Honorable Dale T. Pasell
Circuit Court Judge

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>La Crosse County, 400 N. 4th St, La Crosse, WI 54601 | DEFENDANTS<br>Adam Kenneth Stevens & Heather Leigh Stevens |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>David L. Lange, Deputy Corporation Counsel,<br>400 N. 4th Street, La Crosse, WI 54601<br>(608) 785-9577 | **ATTORNEYS** (If Known)<br>Joan Schwartz<br>701 W. Jefferson Street, Stoughton, WI 53489-0203<br>(608) 873-1680 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to determine dischargeability of guardian ad litem fees and fees of expert witness in divorce, child custody and visitation actions in state court under 11 U.S.C. Section 523(a)(5).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☒ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Adam Kenneth Stevens & Heather Leigh Stevens || BANKRUPTCY CASE NO.<br>3-09-16401-rdm ||
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Wisconsin || DIVISION OFFICE | NAME OF JUDGE<br>Martin |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ David L. Lange* ||||
| DATE<br>January 14, 2010 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David L. Lange ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



Office of Corporation Counsel
**County of La Crosse, Wisconsin**
County Administrative Center
400 4th Street North • Room 2350 • La Crosse, Wisconsin 54601-3200
(608) 785-9577 • Fax (608) 785-5689
www.co.la-crosse.wi.us

William A. Shepherd
Corporation Counsel

David L. Lange
Deputy
Corporation Counsel

Megan L. DeVore
Assistant Deputy
Corporation Counsel

January 14, 2010



FILED / REC'D
JAN 19 2010
8:00 A.M.
CLERK, U.S.
BANKRUPTCY COURT

Clerk of US Bankruptcy Court
120 N. Henry Street
PO Box 548
Madison, WI 53703

Re:    Adam Kenneth Stevens & Heather Leigh Stevens Bankruptcy
       Case No. 3-09-16401-rdm

Dear Clerk:

Enclosed please find Adversary Proceeding Cover Sheet and original and five copies of the Complaint to Determine Dischargeability of Debt. Please file the same. Also enclosed is a check in the amount of $250 for the filing fee.

Very truly yours,

David L. Lange
Deputy Corporation Counsel

DLL/sll

Enclosures