UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In Re:

ADAM KENNETH STEVENS and HEATHER LEIGH STEVENS,

        Debtors,

Bankruptcy Case No. 3-09-16401-rdm
Adversary Case No: 3-10-00019-rdm

COUNTY OF LA CROSSE,

**PLAINTIFF'S BRIEF**

        Plaintiff,

v.

ADAM KENNETH STEVENS and HEATHER LEIGH STEVENS,

        Defendants.

FILED / REC'D
APR 14 2010
8:00 A.M.
CLERK, U.S.
BANKRUPTCY COURT

## STATEMENT OF FACTS

a. A paternity action was initiated in 2005 for a minor child of Heather Stevens with a court caption as follows: In re the Paternity of GMS: Paul Charles Sobkowiak, petitioner and Heather Leigh Zimmerly, n/k/a Heather L. Stevens, respondent, Case No. 05-PA-147.

b. On November 30, 2007 Gloria Doyle, Family Court Commissioner for La Crosse County, found that the parties had been unable to resolve the issue of custody and placement of the minor child within the mediation process and ordered a custody evaluation under Wis. Stat. §767.11(12)(b). Bennett Meyers, Guardian ad Litem, a member of the Mediation and Family Court Services, and a child development specialist were appointed to the Custody Assessment Team to conduct the evaluation. The appointment of a custody evaluation assessment team is pursuant to La Crosse County Local Rule 908.

c. On January 5, 2009, Family Court Commissioner Gloria Doyle entered an order based upon the recommendation of the Custody Assessment Team.

d. On or about May 29, 2009, Heather Leigh Stevens filed a motion for a de novo review before the Honorable Dale T. Pasell, reviewing the order of the Family Court Commissioner that was entered as a result of the recommendation of the Custody Assessment Team.

2875

e. The fees at issue in this case are the Custody Assessment Team's post recommendation fees ordered by the Honorable Dale T. Pasell on August 3, 2009 in the amount of $3,993.67, which were incurred during the period of time that the de novo review hearing was pending and prior to a Stipulation and Order between the parties filed on August 13, 2009. (A copy of the Order was attached to the Complaint and was also attached as Exhibit A to the Brief Statement of Defendant's Theory of the Case)

The order regarding fees provided, in part, as follows:

1. The Custody Assessment Team's post-recommendation fees in the total amount of $3,993.67 shall be paid as follows:

   | | |
   |---|---|
   | Bosshard Parke Ltd. | $3,331.17 |
   | Mediation and Family Court Services | $225.00 |
   | Kimberly Erickson-Nichols | $437.50 |

   c/o Franciscan Skemp Behavioral Health, 212 11th St S, La Crosse 54601

2. La Crosse County shall direct payment in the amounts above to the respective offices named above. Respondent Heather Stevens shall reimburse La Crosse County for the entire amount disbursed in accordance with the arrangements to be established by La Crosse County. La Crosse County will be granted judgment for any such amounts.

f. The Stipulation and Order from La Crosse County Court, filed August 13, 2009, was attached and incorporated as Exhibit D to the Brief Statement of Defendant's Theory of the Case. The father of the child in said placement study has primary placement. The mother of the child (Heather Leigh Stevens, fka as Zimmerly) would have been the payor of child support but no child support was ordered.

g. The Defendants did not list a support obligation in the bankruptcy information filed with the Court.

In addition to these facts, the Honorable Dale T. Pasell also made the following findings of fact as part of the order for fees and discharge of custody assessment team:

1. The parties have submitted, and the Court has approved, a Stipulation and Order resolving all of the substantive issues regarding custody and placement of the minor child, and dismissing all of Respondent's requests for de novo review in this matter. The only remaining issue is that of the fees and costs of the Custody Assessment Team stemming from work performed, subsequent to the recommendation hearing in this matter.

2. This matter has been marked by an unusually high degree of litigation surrounding both the central issues of custody and placement of the minor child as well as a series of related issues raised by Respondent. The multiple requests for de novo review filed by Respondent, including from the order of the Family Court Commissioner providing for the payment of Guardian ad Litem fees, and the voluminous correspondence and hearings that has attended these requests, are largely responsible for the expense of post-recommendation proceedings in this matter. Because Respondent has exhibited a high degree of contentiousness and litigiousness throughout the post-recommendation phase of this matter, which has led to the escalation of expenses, and because Petitioner has not exhibited any similar litigiousness or contentiousness, the Court finds it reasonable that Petitioner should pay the post-recommendation fees and costs of the Custody Assessment Team.

3. The fees and costs submitted to date by the Guardian ad Litem, Bonnie Sacia, and Kimberly Erickson-Nichols are reasonable under the circumstances of this case.

## ISSUE

Whether the fees and costs of the Custody Assessment Team incurred after motion for a de novo review of the Family Court Commissioner's Order and owed by Heather Stevens to La Crosse County are a domestic support obligation under 11 U.S.C. Section 523(a)(5).

## ARGUMENT

The position of the County of La Crosse is that the costs and fees of the Custody Assessment Team due to work performed after the recommendation to the Family Court Commissioner and after the de novo review to the La Crosse County Circuit Court are a domestic support obligation under 11 U.S.C. Section 523(a)(5).

The Custody Assessment Team consists of a guardian ad litem, a member of Mediation and Family Court Services and a child development specialist who were appointed to conduct an evaluation to resolve the issue of custody and placement of the minor child. After the Family Court Commissioner entered an order, Heather Leigh Stevens filed a motion for a de novo review before the Honorable Dale T. Pasell.

Local Court Rule 9.08 specifies the procedure after a party requests a de novo review from an order of a custody assessment team. The de novo review contemplates an entirely new trial on issues involving the parents, which include issues of custody and placement of the minor child. As Local Rule 9.08 indicates under (5) "The final pre-trial on a de novo review from an order of a CAT recommendation shall result in dates for all pre-trial matters, including but not limited to: disclosure of all witnesses, discovery deadlines, and pre-trial motions. In addition, this final pre-trial shall be the time at which the guardian ad litem advises the court of any requests for additional deposits to cover costs for the trial preparation of the Custody Assessment Team."

Therefore, it is anticipated that there will be additional time required of the CAT team in participating in trial preparation, discovery deadlines, pre-trial motions and other similar matters.

Rather than go through a trial, the parties entered into a Stipulation and Order filed on August 13, 2009, which addressed all of the needs of the minor child, including issues regarding legal custody and physical placement. (See Exhibit D attached to the Brief Statement of Defendant's Theory of the Case.)

11 U.S.C. Section 523(a)(5) provides for an exception to discharge owed for a domestic support obligation.

A domestic support obligation is defined by 11 U.S.C. Section 101(14A) as follows:

> (14A) The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> (A) owed to or recoverable by—
>    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian or responsible relative; or
>    (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>    (i) a separation agreement, divorce decree, or property settlement agreement;
>    (ii) an order of a court of record; or
>    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

The definition of domestic support obligation clarifies that the debt may be owed to or recoverable by a governmental unit. Therefore, the fact that in this case the debt is owed to La Crosse County does not disqualify the debt from meeting the definition of a domestic support obligation. It is also clear that this debt was established by order of a court of record. The remaining issue is whether the debt in this case is in the nature of alimony, maintenance or support of such spouse, former spouse or child of the debtor.

This case involves a paternity action where issues of child custody, physical placement, child support and other issues were contested. A guardian ad litem was appointed pursuant to Wis. Stat. §767.407. Wis. Stat. §767.407(4) provides, in part, as follows: "The guardian ad litem shall be an advocate for the best interests of a minor child as to paternity, legal custody, physical placement, and support." The U.S. Bankruptcy Courts in Wisconsin have consistently determined that guardian ad litem fees involving contested custody proceedings of a minor child are not dischargeable in bankruptcy. In re Coleman, 37 B.R. 120 (Bankr. W.D. Wis. 1984); In re Lockwood, 148 B.R. 45 (Bankr. E.D. Wis. 1992)

In the Coleman case, the guardian ad litem fees were incurred in two separate matters: the first of the debts arose from services as a guardian ad litem during the custody phase of the debtor's divorce proceeding, and the second debt arose from services rendered in regard to a successful motion for contempt brought against the debtor. Coleman, 37 B.R. at 123. This Court, in determining that the attorney's claim is excepted from discharge stated, "The services of a guardian ad litem in the primary divorce proceeding, though extending beyond support to custody and visitation, are generally sufficiently connected to the core concern of the Code for protection of family obligations to except a reasonable fee for such services from discharge." Coleman, 37 B.R. at 124. This Court went on to state, "In light of the federal interpretation of the 'support' obligation in numerous cases, including In Re Morris, 14 B.R. 217 (Bkrtcy. B. Colo. 1981) (citation added), and the guidance provided by the Wisconsin Supreme Court in interpreting the Wisconsin statutes, this court will presume that reasonable and customary guardian ad litem fees, incurred in pursuance of the guardian's statutory duty, are excepted from discharge under 11 U.S.C. Section 523(a)(5)." Coleman, 37 B.R. at 124. The guardian ad litem's claim for fees was determined to be excepted from discharge.

In the Lockwood case, the Court determined that the guardian ad litem fees were dischargeable even though the debtor was the custodial parent and not required to pay child support. In that case, the Court agreed with the following statement: 'One court concluded that services rendered in connection with a support and custody proceeding 'were so inextricably intertwined with the welfare of the children during the litigation that it would be unreasonable to characterize the fee award as anything other than an obligation in the nature of support.' In re Laney, 53 B.R. 231 (Bankr. N.D. Tex. 1985), Lockwood, 148 B.R. at 48. The Court in Lockwood indicated that virtually all services related to the children's interest, including custody and visitation, also relate to their support. Id. In addition, the Court stated that it is not necessary to inquire into precisely how the plaintiff spent his time in performing the services in question as the guardian ad litem since they are all related to the children's support. Lockwood, 148 B.R. at 48. In that case, the Court determined the debtor's debt for the guardian ad litem to be nondischargeable.

It has also been determined that guardian ad litem and psychologist fees in divorce and child custody proceedings are in the nature of support and, therefore, nondischargeable in bankruptcy under Section 523(a)(5). In re Miller, 55 F.3rd 1487 (10th Cir. 1995)

Fees incurred in this case were incurred by the members of the Custody Assessment Team performing their duties after the debtor filed a petition for a de novo review of a

determination by a La Crosse County Family Court Commissioner in a paternity proceeding regarding legal custody, physical placement and other issues regarding the minor child. The majority of the fees at issue in this case were the fees incurred by the guardian ad litem. The fees were incurred in the performance of their duties. The appeal by the debtor meant that a new trial would be held before a circuit court judge if the parties did not reach a settlement.

Even though the debts were incurred after the initial recommendation to the Family Court Commissioner, this does not mean that the debts were not incurred in the nature of support. Part of the duties of the guardian ad litem and members of the Custody Assessment Team will necessarily involve responding to procedural issues and not all of the duties will involve work on the child custody study. The members of the Team were still involved in preparation for a new trial and Local Court Rule 9.08 clearly envisioned a role for the custody assessment team in de novo review matters.

Because the debt here involved services rendered in the primary paternity proceeding regarding custody and visitation, they are sufficiently connected to the core concern of the Code for protection of family obligations that they should be excepted from discharge. La Crosse County requests that this Court order that such fees are a nondischargeable debt and excepted from discharge.

Respectfully submitted this ___13___ day of April, 2010.

LA CROSSE COUNTY

By: _____
David L. Lange
Deputy Corporation Counsel
State Bar ID No. 1001937
400 N. 4th Street
La Crosse, WI 54601-3200
(608) 785-9577



**Office of Corporation Counsel**
**County of La Crosse, Wisconsin**
County Administrative Center
400 4th Street North • Room 2350 • La Crosse, Wisconsin  54601-3200
(608) 785-9577 • Fax (608) 785-5689
www.co.la-crosse.wi.us

William A. Shepherd
Corporation Counsel

David L. Lange
Deputy
Corporation Counsel

Megan L. DeVore
Assistant Deputy
Corporation Counsel

April 13, 2010



Clerk of US Bankruptcy Court
US Federal Courthouse
120 N. Henry Street
P.O. Box 548
Madison WI 53701

Re:   In re Adam Kenneth Stevens and Heather Leigh Stevens, Debtors
      County of La Crosse v. Adam Kenneth Stevens and Heather Leigh Stevens
      Case No. 3-09-16401-rdm
      Adversary Case No. 3-10-00019rdm

Dear Clerk:

Enclosed please find the Plaintiff's Brief in the above-entitled matter. Please file the same. A copy has been sent on this date to Joan Schwarz, attorney for the Defendant.

Thank you.

Very truly yours,

David L. Lange
Deputy Corporation Counsel

DLL/lat

Enclosure


cc:    Attorney Joan I. Schwarz (w/enclosure)
       Michael Kepler, Bankruptcy Trustee (w/enclosure)

*An Equal Opportunity Employer*