UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In Re:

ADAM KENNETH STEVENS and HEATHER LEIGH STEVENS,

Debtors,

FILED / REC'D

MAY - 4 2010

8:00 A.M.
CLERK, U.S.
BANKRUPTCY COURT

Bankruptcy Case No. 3-09-16401-rdm
Adversary Case No: 3-10-00019-rdm

COUNTY OF LA CROSSE,

Plaintiff,

v.

ADAM KENNETH STEVENS and HEATHER LEIGH STEVENS,

Defendants.

**PLAINTIFF'S REPLY BRIEF**

## FACTS

The Defendant accepted the Statement of Facts as stated by the County of La Crosse in its brief. The Defendant then goes on to make a number of allegations in the argument. The County agrees, as the Honorable Dale T. Pasell noted, that "voluminous correspondence and hearings that have attended these requests are largely responsible for the expense of post-recommendation proceedings in this matter." The County agrees that these hearings included a motion to have the $10,000 fee waived by the Defendant Heather Stevens and a motion to appoint a new guardian ad litem in the case. La Crosse County also agrees that there was a dispute regarding the amount of access Ms. Stevens' counsel could have to the Custody Assessment Team file.

La Crosse County does dispute the characterization of these actions as obstructionist behaviors intended to prevent Ms. Stevens from having a trial before the Judge. La Crosse County does not believe that this disagreement merits an evidentiary hearing since the motives of the guardian ad litem or the reasons for Heather Stevens in not pursuing a trial are not material to resolving the issue before this Court.

## ARGUMENT

The Defendant argues that fees and expenses of the guardian ad litem and the Custody Assessment Team should not be described as "support" or a "domestic support obligation" because they were incurred in procedural matters and not in actual preparation for the *de novo* trial. The County's response is that this is an artificial distinction.

3377

There is no dispute that these fees and expenses were incurred after the Defendant Heather Stevens requested a new trial before a circuit court judge in La Crosse County on issues involving custody and placement of the minor child. The Defendant raised a number of issues before the trial, including requesting waiver of fees and removal of the guardian ad litem. The trial court denied those motions. In addition, the trial court also found that Heather Stevens should pay those fees because of the high degree of contentiousness and litigiousness throughout the post-recommendation phase of the matter, which had led to the escalation of expenses.

The fees and expenses were certainly rendered in connection with the support and custody proceeding. The fact that the fees and expenses were incurred primarily in dealing with procedural issues rather than the actual preparation and attendance at a trial, does not mean that the fees and expenses cannot be considered as part of a "domestic support obligation." In the cases which the County has already cited, there is no discussion of a separation of fees depending upon whether the fees were involved in procedural matters or whether the fees were involved in the actual preparation and trial of the custody issues. In re Coleman, 37 B.R. 120 (Bankr. W.D. Wis. 1984); In re Lockwood, 148 B.R. 45 (Bankr. E.D. Wis. 1992)

In the Coleman case, this Court stated that the Court would presume that reasonable and customary guardian ad litem fees, incurred in pursuance of the guardian's statutory duty, are excepted from discharge. Coleman, 37 B.R. at 124. The guardian ad litem fees at issue here were incurred in pursuance of that attorney's statutory duty.

The fees here involved services rendered in the primary paternity proceeding regarding custody and visitation and are sufficiently connected to the core concern of the Code for protection of family obligations that they should be excepted from discharge. La Crosse County requests that this Court order that the Custody Assessment Team fees incurred after the request for a de novo review of the Family Court Commissioner's order be declared nondischargeable as a domestic support obligation under 11 U.S.C. Section 523(a)(5).

Respectfully submitted this __3 0__ day of April, 2010.

LA CROSSE COUNTY

By: _____
David L. Lange
Deputy Corporation Counsel
State Bar ID No. 1001937
400 N. 4th Street
La Crosse, WI 54601-3200
(608) 785-9577



**Office of Corporation Counsel**
**County of La Crosse, Wisconsin**
County Administrative Center
400 4th Street North • Room 2350 • La Crosse, Wisconsin 54601-3200
(608) 785-9577 • Fax (608) 785-5689
www.co.la-crosse.wi.us

William A. Shepherd
Corporation Counsel

David L. Lange
Deputy
Corporation Counsel

Megan L. DeVore
Assistant Deputy
Corporation Counsel

FILED / REC'D
MAY - 4 2010
8:00 A.M.
CLERK, U.S.
BANKRUPTCY COURT

April 30, 2010

Clerk of Bankruptcy Court
US Federal Courthouse
120 N. Henry Street
PO Box 548
Madison, WI 53701

Re:  In re Adam Kenneth Stevens and Heather Leigh Stevens, Debtors
     County of La Crosse v. Adam Kenneth Stevens and Heather Leigh Stevens
     Case No. 3-09-16401-rdm
     Adversary Case No. 3-10-00019-rdm

Dear Clerk:

Enclosed please find the Plaintiff's Reply Brief in the above-entitled matter. Please file the same. A copy has been sent this date to Joan Schwarz, attorney for the Defendant. Thank you.

Very truly yours,

David L. Lange
Deputy Corporation Counsel

DLL/sll

Enclosure

CC:  Attorney Joan I. Schwarz, (w/encl.)
     Michael Kepler, Bankruptcy Trustee, (w/encl.)

*An Equal Opportunity Employer*