IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

Adam K. Stevens and Heather L. Stevens,

            Debtors.

(Chapter 7)

Case No. 09-16401

---

County of LaCrosse,

            Plaintiff,

v.

Adam K. Stevens and Heather L. Stevens,
            Defendants.

Adv. No. 10-19

---

MEMORANDUM DECISION

---

In 2005, defendant Heather Stevens filed a paternity action in LaCrosse County. When the parties were unable to resolve issues of custody and placement, the family court commissioner ordered a custody evaluation in November 2007. Three persons were appointed to a custody assessment team: a guardian *ad litem*, a member of the mediation and family court services division, and a child development specialist. The team filed its report recommending

1

that Ms. Stevens' placement be reduced in favor of the child's father. The court adopted this recommendation on January 5, 2009. No child support payments were ever awarded.

On May 29, 2009, Ms. Stevens moved for a *de novo* review of the custody order. While the motion was pending, the parties engaged in a variety of legal maneuvers. The guardian *ad litem* recommended that Ms. Stevens be required to pay in to court $10,000 as a deposit before proceeding with an appeal. Ms. Stevens moved to have the deposit waived, but the court denied the motion. Ms. Stevens then moved to have a new guardian *ad litem* appointed. The court also denied this motion. Finally, in June 2009, counsel for Ms. Stevens and the guardian *ad litem* disagreed about Ms. Stevens' access to the custody investigation file.

Ms. Stevens then withdrew her motion for a *de novo* hearing and entered into a stipulation and order with the child's father. That agreement provided in great detail for the custody and placement of the minor child. After the parties reached this resolution, the court held a hearing on August 3, 2009 at which the fees of the custody team were discussed. Attorneys for both Ms. Stevens and the child's father appeared, as did the guardian *ad litem*. In an order entered on August 24, 2009, the court found that the custody team was owed a total of $3,993.67. The sum was comprised of $3,331.17 in fees to the guardian *ad litem*, $225 in fees to the mediation service, and $437.50 in fees to the child development specialist. The court found this sum to be reasonable and directed that LaCrosse County pay the fees and be reimbursed by Ms. Stevens. The court declined to require the child's father to pay any of the fees, finding that Ms. Stevens' conduct was largely responsible for running up the fees. Pursuant to this order, the county paid the custody team members.

On September 21, 2009, Adam and Heather Stevens filed a chapter 7 petition. They scheduled the debt to the custody team as an unsecured, nonpriority debt. LaCrosse County

initiated this adversary proceeding on January 19, 2010, contending that the $3,993.67 it paid on Ms. Stevens' behalf is a non-dischargeable domestic support obligation under 11 U.S.C. § 523(a)(5).

The Bankruptcy Code provides that a chapter 7 filing does not discharge an individual debtor's "domestic support obligations." 11 U.S.C. § 523(a)(5). The Code defines a domestic support obligation in relevant part as:

> "a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
> [. . . ]
> (ii) an order of a court of record"

11 U.S.C. § 101(14A). The parties to this action agree that the debt is owed to a governmental unit and were established pursuant to the county court's order. The only element they dispute is whether the debt is "in the nature of alimony, maintenance, or support." It is the plaintiff's burden to demonstrate that the debt is non-dischargeable. In re McFarland, 84 F.3d 943 (7th Cir. 1996). On the parties' stipulated facts, the county has met this burden.

In determining the nature of the debt, neither Wisconsin law nor any designation adopted by the parties is dispositive. Rather, federal bankruptcy law governs. See, Sommer & McGarity,

3

Collier Family Law and the Bankruptcy Code ¶ 6.03[1] (2009). A bankruptcy court may, however, look to state law for guidance in making this decision. Id.; In re Coleman, 37 B.R. 120 (Bankr. W.D. Wis. 1984); In re Chambers, 36 B.R. 42 (Bankr. W.D. Wis. 1984).

In Wisconsin, a guardian *ad litem* is charged with a statutory duty to "be an advocate for the best interests of a minor child as to paternity, legal custody, physical placement, and support." Wis. Stat. § 767.406(4). A guardian *ad litem* is expected to advocate for the child before the court and to review and comment on mediation agreements, stipulations, parenting plans, and custody and placement studies. Id. Wisconsin law also authorizes county courts to commission legal custody and physical placement studies. Wis. Stat. § 767.405(14)(a). Those studies are to investigate matters including the condition of the home, the conduct of each parent, and "any other matter relevant to the best interest of the child." Id.

Debts incurred pursuant to a statutory duty to act in the best interests of the child will almost inevitably be for support of a child, within the meaning of § 523(a)(5). In re Coleman, 37 B.R. at 124  In Coleman, this court held that a guardian *ad litem*'s fees for a custody determination and a contempt motion against one parent were non-dischargeable. This court recognized that, in general:

> "The services of a guardian *ad litem* in the primary divorce proceeding, though extending beyond support to custody and visitation, are generally sufficiently connected to the core concern of the Code for protection of family obligations to except a reasonable fee for such services from discharge."

Other courts considering the issue have similarly concluded that a guardian *ad litem*'s fees are generally non-dischargeable. See, In re Chang, 163 F.3d 1138 (9th Cir. 1998); In re Miller, 55 F.3d 1487 (10th Cir. 1995); In re Dvorak, 986 F.2d 940 (5th Cir. 1993); Levin v. Greco, 415 B.R. 663 (N.D. Ill. 2009). Although dicta have speculated that a guardian *ad litem*'s fees might be

dischargeable if they lacked a logical nexus with the support of the child, that situation must be exceedingly rare. It is not present here.

Although Ms. Stevens takes strong exception to the guardian *ad litem*'s decisions, she does not suggest that he acted outside his statutory duties. In fact, she is precluded from doing so by the final order of the state court finding the fees reasonable in the case. The guardian *ad litem* billed for services rendered after Ms. Stevens requested a *de novo* review. Some of those services involved strategic choices that Ms. Stevens did not support. For example, the guardian *ad litem* opposed her motions to waive the appeal deposit and appoint a new guardian *ad litem*. But Ms. Stevens has not shown that the guardian *ad litem*'s actions were taken for reasons other than advocacy for the best interests of her child. Similarly, the two other members of the custody team billed for services rendered after the appeal was requested. There is also no suggestion in the record that their actions were taken for reasons other than fulfillment of their statutory duties.

The county carried its burden to show that the $3,993.67 Heather Stevens owes it is a non-dischargeable domestic support obligation under 523(a)(5). Discharge of this debt is denied.

Dated: May 17, 2010

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

Adam K. Stevens and Heather L. Stevens,

        Debtors.

(Chapter 7)

Case No. 09-16401

---

County of LaCrosse,

        Plaintiff,

v.

Adam K. Stevens and Heather L. Stevens,
        Defendants.

Adv. No. 10-19

---

### ORDER

---

The Court having reached the conclusions of law contained in the memorandum decision filed on this date, it is hereby ORDERED that discharge of the $3,993.67 owed by Heather Stevens to LaCrosse County be DENIED.

Dated: May 17, 2010

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE